HAMILTON *v.* THE WALLA WALLA.

*(District Court, D. Washington, N. D.* August 26, 1890.)

1. SUCCESSOR OF TERRITORIAL COURTS—ADMIRALTY—APPEAL.
   An admiralty cause having been appealed to the supreme court of Washington Territory, but not docketed in that court prior to the admission of the state into the Union, must necessarily be transferred from the the territorial district court, which rendered the decree, to this court, which is as to all admiralty causes successor to the territorial court of original jurisdiction. Failure of the appellant to cause the transcript to be sent up and have the cause docketed in the circuit court before the beginning of the term is not such laches as to be deemed an abandonment of the appeal, there having been heretofore no opportunity for trial of the cause in the circuit court, and no actual delay.

2. EXECUTION—ISSUE AFTER APPEAL—LACHES.
   The court will deny a motion for leave to issue an execution made after an appeal taken, and a considerable delay in causing a transcript of the record to be sent up, and based on an assumption that the appeal has been abandoned, when it appears that a hearing of the cause in the appellate court has not been actually delayed by laches on the part of the appellant.

*(Syllabus by the Court.)*

In Admiralty.
*Richard Osborn,* for libelant.
*J. C. Haines,* for claimant.

HANFORD, J.   In this case, a decree in favor of the libelant was rendered by the district court of the third judicial district of the territory of Washington, from which an appeal was taken to the supreme court of the territory, and everything necessary to perfect said appeal was done before the retirement of the territorial courts, consequent upon the organization of the state government, except to certify and transmit the record to the supreme court, and docket the case therein.   As I understand the different statutory provisions affecting the subject, this court is the successor of the territorial court of original jurisdiction as to all admiralty causes pending at the time the change from a territorial to a state government took place.   And all such cases are to be understood as having been, by operation of law, transferred from such court of original jurisdiction to this court.   And this court, in taking cognizance of them, regards them as if everything done by its predecessor had been done by this court, and its duty is to do whatever may be properly done to finish them.   In other words, this court takes such cases in the condition in which the territorial district court left them, and proceeds to do whatever remains to be done to afford the parties on either side whatever relief they may be entitled to have, and to end the litigation; therefore the case came properly into this court, and in due course it should have given effect to the appeal taken by certifying and transmitting the record to the circuit court of this district, which is as to such cases the successor of the territorial supreme court, and the only court to which the cause can be taken on appeal.   The record should have been sent up, and the cause docketed in the circuit court before the first day of its first term for the northern division of the district, and I consider it the fault of the proctor for the appellant, rather than of the clerk, that this was not done, for it is not claimed· that the clerk has ever refused or been unwilling to make the transcript or docket the cause, and as a matter of fact he has only delayed for want of a request to proceed.   This neglect, however, has not in fact delayed the hearing or decision of the case, for there has been no judge in attendance except the district judge, who, as judge of the territorial court, gave the decision appealed from, and who is therefore, within the spirit and reason of section 614 of the Revised Statutes, debarred from again deciding the case.   Such being the facts and condition of the case, the libelant now moves for leave to issue an execution upon the decree, claiming that by laches the appeal has been abandoned.   I hold, however, that no actual intent to abandon the appeal is shown, and that until an opportunity to have a review of the case has been suffered to pass, abandonment of the appeal cannot be legally implied from laches.   The first term of the circuit court has not yet ended; and whether the appellant shall be denied a trial in the appellate court as a penalty for failure to have the case docketed before the beginning of the term is a question for that court to decide.   No rules of practice have as yet been adopted by either the circuit court or this court, and the interruption of the proceedings in the case, incident to the change of government, has created confusion and uncertainty in the practice.   In view of all the facts and circumstances proper to be con-

sidered, notwithstanding the hardship to the libelant of having to wait so long for the final decision of his case, I could not but regard a ruling, which would in effect cut off the right of appeal, as tyrannical, and I therefore deny the motion.